

2012 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2012

# In Re: Jay Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 11-2210

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2012

Recommended Citation

"In Re: Jay Thomas " (2012). *2012 Decisions.* Paper 741.
http://digitalcommons.law.villanova.edu/thirdcircuit_2012/741

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2012 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-175                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2210
_____

IN RE:  JAY L. THOMAS,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 09-cv-3894)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 30, 2011

Before:  McKEE, Chief Judge, and ALDISERT and WEIS, Circuit Judges

(Opinion filed:  July 10, 2012)
_____

OPINION
_____

PER CURIAM

Jay L. Thomas seeks a writ of mandamus, pursuant to 28 U.S.C. § 1651, directing

the United States District Court for the District of New Jersey to adjudicate his

underlying civil action against the Commissioner of Social Security ("Commissioner").

Subsequent to the filing of this mandamus petition, however, the District Court granted

the Commissioner's motion to dismiss Thomas's complaint and ordered the Clerk of that

Court to close the case.  Accordingly, Thomas's mandamus petition will be denied as

moot.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a  court from being able to grant the requested relief, the case must be dismissed as moot.").